WALKER ET AL., APPELLEES, v. HUBER HOMES, INC., APPELLANT.*

(No. 7194—Decided June 4, 1963.)

*Messrs. Summer, Hoffman & Bowsher* and *Mr. Robert H. Hoffman*, for appellees.

*Mr. James B. Albers*, for appellant.

DUFFY, P. J. This is an appeal on questions of law from a judgment entered in the Municipal Court of Columbus, Ohio. The case was tried to the judge without a jury. It involved an action for damages suffered by the plaintiffs, appellees herein, who had contracted to purchase a house from the defendant-appellant. The contract for the construction and purchase of the house was signed by the plaintiffs and the defendant on March 26, 1960. After the house was constructed and the title was transferred to them, the plaintiffs noticed certain defects appearing in the home. This action was brought after the defendant failed to make the corrections.

The defendant has made the following assignments of error:

---

*Motion to certify the record (38368) overruled, January 15, 1964.

"1. The trial court erred in permitting amendment of the prayer [*sic*] of plaintiffs' petition from $400.00 to $765.00 at the conclusion of the evidence.

"2. The trial court erred in admitting evidence of the repair estimate by Alfred W. Brockman.

"3. The trial court erred in finding for plaintiffs the same being contrary to the contractual agreement between the parties and against the manifest weight of the evidence.

"4. Other errors apparent from the face of the record, all of which said errors were prejudicial to defendant."

As to assignment of error No. 1, the record discloses that after both sides had rested and counsel had made their arguments, the following took place:

"The Court: Anything further?

"Mr. Hoffman: Yes, if the court please, I would like to make a motion to amend the petition on page 2, to the effect that plaintiffs say it will cost $765.00 in lieu of $400.00.

"I will not move to amend the prayer. If we are entitled to exemplary damages, that would be sufficient to cover it.

"Mr. Albers: Defendant, of course, will object to modification of a petition as normally discretionary where it is not one that substantially changes the plaintiffs' cause of action or request for recovery. I think this is a substantial change in the amount requested for recovery.

"This is like coming into court on a personal injury action where you think you have a thousand dollars worth of damages and suddenly, at the end of the trial, asking the jury to give you a hundred thousand.

"Apparently, at the time plaintiff swore to the truth of this petition, he felt he could make the changes necessary for $400.00. I see no reason to feel that his verified statement at that time was a false one.

"The Court: The court understands this is discretionary with the court and the pleadings can be amended at the time of trial to conform to the evidence offered.

"I believe that motion will be granted."

The petition did recite that it would cost $400 to correct the defects complained of and to place the house in the condition as represented by the defendant at the time of the sale. The prayer of the petition prayed for compensatory and ex-

emplary damages in the sum of $1,400 and reasonable attorney fees for the prosecution of this action and costs.

The praecipe read, ''Please issue summons for the defendant, Huber Homes, Inc., endorsed 'Action for money only, amount claimed, $1,400.00, attorney fees and costs.' ''

The evidence during the course of the trial which was presented by the plaintiffs indicated that the estimated cost of repairs would be $765. In view of the wording of the prayer and the praecipe, we are of the opinion that it was discretionary with the court to allow the amendment. Assignment of error No. 1 will be overruled.

As to assignment of error No. 2, it is claimed that the estimate made by Mr. Brockman as to the cost of the claimed needed repairs was made after some 26 months' occupancy by the plaintiffs and was too remote in time to be a usable expert opinion. This assignment of error will be overruled as it was up to the trier of the facts to give the testimony such weight as it deserved, and it was made clear to him that the estimates were made many months after the occupancy of the home by the plaintiffs.

As to assignment of error No. 3, it is the defendant's contention that by contract the home was properly completed when the F. H. A. issued its final approved compliance report, as paragraph 5 of the contract signed by the parties contained the following:

''In any event completion shall be conclusive when the F. H. A. or V. A. shall issue its final approved compliance report.''

It must be remembered that this was a contract not only to buy real estate, but the defendant was to build a home similar to a model which it was showing. Regardless of the compliance report, the defendant would still be responsible for any variation between the contracted home and the model home, or for any latent defects or failures of the contractor. These alleged adjustments and repairs appear to be items which were not completed, or latent defects in the construction which were disclosed after occupancy and which were timely called to the attention of the defendant. This assignment of error will also be overruled as it does not appear that the finding of the trial judge was manifestly against the weight of the evidence.

As to assignment of error No. 4, the defendant contends

that the estimated cost of the repairs submitted by the witness for the plaintiffs included a number of items which were not listed in the plaintiffs' petition. The estimate of repairs showed that the work to be done for a total price of $765 was also the amount of the judgment rendered by the trial court. The defendant contends that there was no breakdown of the cost of specific items of repair and the estimate contained items which were not even included in the plaintiffs' petition. While the pleadings and the evidence could be more specific, the petition did allege that the agreement was to construct a house like a model house, and the contract of the parties does refer to "a house known as Seller's Model Number P-60 which purchaser has examined."

After the evidence was concluded and by agreement of the parties, the trial judge did view both homes, after which he rendered judgment for the plaintiffs in the amount of $765. He had the opportunity to compare the alleged missing or defective parts on the contracted home with that of the model home. The assignment of error is overruled and the judgment of the trial court affirmed.

*Judgment affirmed.*

BRYANT and DUFFEY, JJ., concur.

DUFFEY, J., concurring. The purchase here was for cash, without financing by F. H. A., V. A. or other third party. Upon examination of the terms of contract, I am of the opinion that the provisions as to F. H. A., V. A. or mortgagee are inapplicable. Accordingly, the contract was to build the model P-60 examined by the purchaser, with seller's right to substitute substantially equivalent materials, but without any right to unilaterally change the plans and specifications as exemplified by the model. I therefore agree that the completion certificate of F. H. A. is, in this case, irrelevant.