EVANS ET AL. *v.* WARWICK D. B. A. SURF-SIDE POOL.

(No. 21960—Decided June 17, 1969.)

Municipal Court of Lima.

*Mr. William D. Peppler,* for plaintiffs.
*Mr. James L. Kill,* for defendant.

ANDREWS, J. This action involves a swimming pool purchased and paid for by plaintiffs from defendant and constructed on plaintiff's property by defendant contractor for the sum of $5,534.00, as a result of a written contract expressly warranting to plaintiffs that all materials used in the construction of said pool would be of good quality

and that all work would be done in a competent and workmanlike manner.

Plaintiffs further claim an implied warranty by defendant that said pool would be fit for the purpose intended and that plaintiffs relied upon defendant's skill, knowledge and experience in the construction of said pool; that the fiberglass panels forming the sides of the pool began to separate and bulge inward about one year after construction and after oral request, defendant attempted repairs; that by the second summer due to the separation and bending of the sides, the pool became unusable and unfit for the purpose intended.

Plaintiffs claim that they were required to have the pool entirely rebuilt and to accomplish this, had to remove defendant's construction and build an entirely new pool at a cost of $6,100.00 Plaintiffs ask $5,000.00, the maximum jurisdiction of this court.

Defendant's answer is a general denial.

Plaintiffs produced a written contract between the parties wherein defendant contractor "warranted all materials used in completing the pool installation shall be of good quality, and that all work will be done in a competent and workmanlike manner, and that he would remedy any defect in the workmanship of which he received written notice within one year after connection of the filter and placement of the coping, without additional cost to the owner. With respect to all assemblies or units purchased by the contractor for installation in this pool (such as filters, pumps, motors, heaters, standard fittings, accessories and other purchased items) the owner shall look solely to the manufacturer's guaranty and not to the contractor. As a condition precedent to the owner's right to make any claim under the contractor's warranty and the contractor's obligation to make any adjustment thereunder, it shall be necessary that the principal amount of this contract, together with any extras, shall have been paid to the contractor in full. There are no warranties or representations made by or on behalf of the contractor other than those specifically set forth herein."

Evidence for plaintiff revealed defendant constructed the pool which started to come apart the first summer when the fiberglass seams bulged inward. Defendant was called and attempted repairs. By the second summer, the side panels of the pool were so far apart the pool was useless, had to be removed and replaced entirely by another contractor after defendant failed and refused to correct the pool's disintegration.

Further evidence for plaintiff revealed that when the pool was being replaced backfill found behind the panels contained much dirt and was not proper stone backfill as defendant "assumed" he obtained; that angle irons had been glued with epoxy to the fiberglass panel sides of the pool and had come apart; that the pool had not been constructed in accordance with accepted standards of the swimming pool industry.

Defendant claims he purchased fiberglass side panels from the manufacturer with angle iron brackets already glued to the panels and that his contract with plaintiffs requires them to look to the manufacturer's warranty for the damages claimed; that he merely assembled the pool on plaintiff's property; that the manual called for bank-run gravel as backfill but he was not sure what he got to put in for backfill except that it was coarser stone than plaintiffs claim and defendant assumed it was good bank-run gravel.

The court finds plaintiffs proved by preponderance of the evidence as follows:

1. That plaintiffs, relying on defendant contractor's affirmations of skill, experience, and warranties of good workmanship and quality of materials, employed defendant to construct a pool on their property in July of 1966.

2. That a written contract was executed, the pool constructed and defendant was paid the full price of $5,534.-00.

3. That within one year the pool's fiberglass walls started to separate and bulge inward until by the second summer the pool became unusable.

4. That upon oral request of plaintiffs, defendant at-

tempted at least twice to fix the pool without written notice of any defect.

5. The swimming pool installed by defendant was defective in that the side panels became separated making the pool unfit for its intended use.

6. That defendant was unable and refused to remedy the pool's defects as it was beyond repair so plaintiffs employed another contractor who removed the first pool and replaced it with an entirely new pool at a cost to plaintiffs of over $6,000.

7. That the backfill used by defendant and placed immediately next to the panels was not of an acceptable standard for the swimming pool industry.

8. That defendant warranted materials used in completing the pool would be of good quality and they were not of an acceptable standard in such industry.

9. That the pool wasn't constructed according to the model photographs exhibited to plaintiffs when they contracted with defendant.

10. That the language of the contract is ambiguous as to whether the manufacturer's warranty applies to the fiberglass side panels.

The court finds the law is:

Materials refer to the things of which buildings are made. 57 Ohio Jurisprudence 2d, 547; 36 Ohio Jurisprudence 2d, Mechanics' Liens, Section 43.

A seller of goods who expressly warrants them to be free from defects which actually exist or who positively affirms the quality of the goods may be held to his express warranty if the buyer relied thereon. *Schwartz* v. *Gross,* 93 Ohio App. 445; and 48 Ohio Jurisprudence 2d, Page 292, Section 141.

That the language in the written contract in this case excludes any implied warranty. Section 1302.29, Revised Code; 48 Ohio Jurisprudence 2d, Sales, Section 144, Page 297.

A pool is improperly constructed when the result is a failure of the pool to withstand pressure of the water. *Kavalasis* v. *Anthony Bros., Inc.* (1963), 217 Cal. App. 2d 737, cited in 1 ALR 3d, 874; or soil conditions that cause

the pool to crack. *Hendrie* v. *Board of County Commissioners*, 387 P 2d 266, cited in 1 ALR 3d 874.

A waiver of any of the terms of the contract may occur by the acts and conducts of the parties. *Ohio Farmers Ins. Co.* v. *Cochran*, 104 Ohio St. 427; and 11 Ohio Jurisprudence 2d, Page 499, Section 240; Section 242, Page 501; and Section 245, Page 503.

A seller is responsible for any variation between what he contracts and the model. 11 Ohio Jurisprudence 2d, Section 248, 1969 Supp. Page 57, citing *Walker* v. *Huber Homes Inc.*, 120 Ohio App. 469.

A contract binds only the parties thereto and persons in privity with them, and no one can sue for a breach of contract unless he is a party or derives rights from an original party. *Cincinnati, H., & D., Rd. Co.* v. *Metropolitan Nat. Bank*, 54 Ohio St. 60, 11 Ohio Jurisprudence 2d, Section 171, Page 420. The contract in this case indicates defendant signed as an individual—no indication of a representative capacity. 11 Ohio Jurisprudence 2d, 172, Page 422.

Nonperformance of a condition precedent must be specially pleaded. 43 Ohio Jurisprudence 2d, Section 137, Page 152.

A contract shall be construed strictly against the party who prepared it. *Bellish* v. *C. I. T. Corp.*, 142 Ohio St. 36, 11 Ohio Jurisprudence 2d, Contracts, Section 147, Page 391.

The court concludes that a residential swimming pool should be fit for its intended purpose for more than two summers when properly constructed under an express warranty of good quality materials and labor to be done in a competent and workmanlike manner.

That attaching metal brackets by epoxy glue to fiberglass panels of a residential swimming pool does not constitute good workmanship or materials and is not an acceptable standard in the swimming pool industry.

That backfill immediately next to and behind fiberglass side panels of a residential swimming pool should be a coarse stone or gravel without any substantial amount of dirt.

That defendant's acts and conduct in responding at

least twice to oral requests to make repairs without a written request as required by the contract waives such requirement.

That language in a contract for a residential swimming pool which reads "with respect to all assemblies or units purchased by the contractor for installation *in* the pool (such as filters, pumps, motors, accessories * * *), the owner shall look solely to the manufacturer's guaranty and not to the contractor" is ambiguous whether it applies to the pool's fiberglass panel sides and is therefore held not applicable to said side panels as a contract shall be construed strictly against the party who prepared it.

Judgment awarded plaintiffs for damages as claimed in their petition for $5,000. and costs.

*Judgment for plaintiffs.*