Bell, J.
 

 In the interest of brevity in this opinion, Steve Bellish, plaintiff, appellee herein, will.be designated as plaintiff, and the C. I. T. Corporation, defendant, appellant herein, as the defendant.
 

 It is conceded that all of the written instruments executed by the parties to the transaction were pre
 
 *41
 
 ■pared either by the defendant or its assignor, Trinity Motors, Inc.
 

 The well established rule in the interpretation of a written instrument is that in case of ambiguity the document is construed most strongly against the' person who prepared it and most favorably to the person who had no voice in the selection of the language employed.
 
 Farmers National Bank
 
 v.
 
 Delaware Ins. Co.,
 
 83 Ohio St., 309, 94 N. E., 834; 9 Ohio Jurisprudence, 431, Section 202.
 

 The first major problem presented for determination is stated thus by defendant:
 

 “The Court of Appeals erred in not reversing the judgment of the Court of Common Pleas and entering final judgment for defendant-appellant on the ground that the pleadings and the evidence did not justify the Court of Common Pleas in directing the jury to return a verdict in behalf of the plaintiff-appellee.”
 

 Conditional sales contracts in Ohio are governed by Sections 8568 to 8572, both inclusive, General Code.
 

 A contract which provides that the chattel sold is to remain the property of the vendor until the purchase money is paid is a conditional sale.
 
 Speyer & Co.
 
 v.
 
 Baker,
 
 59 Ohio St., 11, 51 N. E., 442; 35 Ohio Jurisprudence, 999, Section 260.
 

 If the intent of the parties is that the title shall not pass to the buyer until the condition of payment is met, the transaction is a conditional sale. No matter what may be the form of the transaction, parol evidence is admissible to determine the intention of the parties.
 

 The provision in the order that the title to the motor car was to remain in vendor has been heretofore quoted in the statement of facts.
 

 Another provision of the order is:
 

 “This order is not transferable nor valid or binding on either party until accepted by the president of the company [Trinity Motors, Inc.].”
 

 The order was never so accepted.
 

 
 *42
 
 On May 24, 1937, the company did accept the order by the delivery of the car described in the order, to the plaintiff, and that day executed the bill of sale.
 

 On the same day the plaintiff and his mother-in-law executed the promissory note and chattel mortgage upon the automobile to Trinity Motors, Inc.
 

 Later in the same day, Trinity Motors, Inc., negotiated the note and mortgage to the defendant.
 

 From the exhibits, the order, a communication from defendant to plaintiff, the bill of sale, and the note, chattel mortgage and assignment, the intention of the parties must be determined.
 

 A most casual consideration of these documents discloses ambiguity and the need for interpretation.
 

 The order for a car provides that the title to the motor car shall remain in the vendor.
 

 The bill of sale provides that Trinity Motors, Inc., is delivering
 
 possession
 
 of the motor car to the plaintiff, and later provides that the motor car has been sold and delivered.
 

 The note, chattel mortgage and assignment were printed as one single document. In the assignment, Trinity Motors, Inc., represents that at the time of the assignment it had good title to the autombile described in the mortgage.
 

 This assignment of necessity was made after the execution of the note and mortgage by plaintiff.
 

 We are unable to agree with the contention of defendant that because the order was dated May 11,1937, and the note and chattel mortgage were dated May 24, 1937, the transaction could not in law be construed as a conditional sale. The order dated May 11, 1937, never having been accepted until May 24, 1937, by delivery of the car, it was on this latter date that it became a contract of sale. The other instruments were executed the same day. We think these facts bring the case squarely within the rule announced in paragraph one of the syllabus in
 
 Speyer & Co.
 
 v.
 
 Baker,
 
 
 *43
 

 supra,
 
 and warranted the conclusion that the execution of all of these instruments constituted one transaction.
 

 It was the duty of the trial court to construe these instruments most strongly against defendant and in favor of the plaintiff. There being no dispute that these instruments constituted the entire transaction between the parties, it was equally the duty of the trial court to determine as a matter of law whether the transaction was a conditional sale.
 

 In our opinion the trial court was correct in concluding as a matter of law that this transaction constituted a conditional sale; and that no error was committed by instructing the jury to return a verdict for plaintiff after finding what amount plaintiff had paid in and deducting therefrom reasonable compensation for the use of the motor car by plaintiff.
 

 The second major problem for determination is stated in this language by defendant:
 

 “The Court of Appeals erred in not reversing the judgment of the Court of Common Pleas and entering a judgment directing reformation of the contract, eliminating any clause indicating a retention of title to the automobile by the seller.”
 

 • The defendant contends that the Court of Appeals committed prejudicial error in rendering judgment in .favor of plaintiff on the cross-petition filed by defendant.
 

 The relief sought by the cross-petition was reformation of the order signed by plaintiff, dated May 11, 1937, to which reference has heretofore been made. The ground for seeking reformation was mistake of fact.
 

 A court of equity may reform a written instrument upon the ground of mistake of fact. However, the trial court found that the defendant had failed to prove by clear and convincing evidence that a mutual mistake of fact existed and denied relief. Defendant
 
 *44
 
 filed an appeal upon questions of law and fact in the Court of Appeals and that court disposed of that appeal in its judgment entry as follows:
 

 ‘ ‘ The court coming now to consider the matters contained in the appellant’s cross-petition for reformation and which question is in this court by way of appeal on questions of law and fact, the court finds the issues joined in favor of the appellee and that the appellant’s request for reformation should be and it is hereby denied.”
 

 This court is not required to weigh evidence, but will examine the record to determine whether there is any substantial evidence to support the judgment and whether the correct rule as to quantum of proof has been applied. The documentary evidence heretofore referred to makes it abundantly clear that there was substantial evidence to support the judgment.
 

 We conclude that the Court of Appeals did not err in the judgment entered upon either branch of the case; and that the action of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Wbygandt, C. J., Matthias and Turnee, JJ., concur.
 

 Hart and Zimmerman, JJ., dissent.
 

 Williams, J., not participating.