174 P.2d 745

## OBERAN v. WESTERN MACHINERY CO.

No. 4856.

Supreme Court of Arizona.

Nov. 25, 1946.

Woolf & Shute, of Phœnix, for appellant.

Jennings, Salmon & Trask, of Phœnix, for appellee.

LaPRADE, Judge.

This action was commenced by complaint filed by appellee Western Machinery Company against appellant N. S. Oberan to recover unpaid rentals on a compressor which appellee alleged it rented to Mr. Oberan. To that complaint defendant Oberan filed an answer denying indebtedness. By a counterclaim he alleged that the agreement between the parties was a contract of conditional sale, whereby plaintiff sold the compressor to Oberan, and that he had completely paid for it. The counterclaim continues to allege that thereafter plaintiff wrongly took the compressor from Oberan, to his damage. To this counterclaim plaintiff responded by answer denying the allegation that the transaction between the parties amounted to a conditional sale. Plaintiff attached to its answer to the counterclaim copies of the two written instruments which embodied the agreement between the parties and which appellee contends defines the relation between them.

On January 9, 1943, plaintiff entered into a formal written contract with N. S. Oberan for the rental of a compressor. This agreement is designated "Rental Agreement"; the parties are described as "Lessor" and "Lessee"; with rental to be paid at the rate of $95 per month. Subsequently and on April 10, 1943, the same parties entered into a new written rental agreement extending to lessee an option to purchase the compressor. This agreement, except for the option agreement, is identical with the earlier agreement which it supplanted. The option provision is as follows: "Lessee is hereby granted an option (at any time within 510 days hereafter) to purchase the above described personal property for the sum of $1224.50, plus sales. tax, and to have applied on account of said purchase price 75% of all subsequent rentals payable to Lessor pursuant to this agreement, up to the time such option is exercised by written notice to that effect, which shall be given by Lessee to Lessor; it being understood, however, that Lessee forfeits all of his

rights under this option if any of the rental payments are not made as herein provided. Payment of the balance of purchase price must be made in cash at the time option is exercised. The exercise of this option by Lessee is further subject to the receipt, by Lessor, from Lessee, of a priority rating covering said equipment and satisfactory to Lessor." The complaint was based on the second rental agreement.

Defendant in his cross-complaint alleged that at the time of the first agreement he leased the compressor for a period of three months at $95 per month with an oral understanding that should he desire to buy the compressor at an agreed purchase price of $1462 at the end of the 90 day period the rental theretofore paid would be applied on the purchase price. He also alleged that at the date of the second agreement he notified plaintiff of his desire to buy the compressor in accordance with the first understanding and agreement, and that in accordance with the alleged understanding plaintiff prepared the written contract sued on, representing to defendant that it was a conditional sales contract whereby the property would vest in the lessee when he had paid a price that was therein agreed upon of $1,282.50, to be paid at the rate of $95 per month, 75% of which was to apply on the purchase price and 25% of which was to be retained by the seller as a carrying charge. His pleading, in effect, was that if given credit for 75% of the payments that he had made the purchase price

would be discharged, and that he was the owner of the compressor.

Defendant in his answer and cross-complaint did not allege fraud or mistake, or that the contract was subterfuge, camouflage, or a screen to cover up an oral understanding that was in truth and fact the real agreement. He did not ask to have the contract re-formed. The trial court sustained objections to his tender of proof in support of his allegations that there was an oral understanding that he could purchase the compressor for $1,462 and have applied thereon the first three months' rental. The court also sustained objections to his tender of proof that the second agreement was to carry out the terms of the first contract with the exception that the credit to be allowed was 75% of the rentals paid. The objection to the testimony was upon the ground that the contracts were in writing and that no testimony concerning verbal arrangements or agreements antedating their execution was admissible for the purpose of altering the terms of the agreement. With this objection the court agreed and so ruled.

Pursuant to the agreement, Oberan obtained the compressor. He fell behind in the rental, and many letters, telegrams, and telephone calls were directed to him, calling his attention to the arrears and requesting payment. Payment not being made, plaintiff repossessed the machine. At that time there was a total of five months' rentals unpaid and one-third of

an additional month. The only conflict in the evidence as to the amount due and owing was created by the testimony of Oberan, who claims to have made one more payment than plaintiff had given him credit for. Plaintiff moved for a directed verdict upon the amount which Oberan acknowledged remained unpaid. The motion was granted, a verdict ordered, and judgment entered thereon.

Appellant assigns as error (1) the ruling of the court in refusing to hear the offered testimony which he contends would have shown that the transaction involved amounted to a conditional sale of the property, (2) that the court erred in taking the case from the jury because the second agreement was a mere continuation of the agreement existing between the parties on January 10 "embodying the oral agreement and the written lease and constituting only a written continuing offer of sale in place of the oral and written agreement already existing," (3) that the court erred in taking the case from the jury for the reason that the evidence showed that the appellant had completed the purchase price. In support of these assignments, appellant offers two propositions of law; (1) that the transaction amounted to a conditional sale, (2) that if the transaction was not a conditional sale but an option to buy, appellant has paid the purchase price for the property and is the owner thereof.

It is the contention of appellant that the contract sued on had its origin in the first lease—a contemporaneous, continuing, oral agreement—and that the real contract is to be isolated and discovered by taking some of the terms of the second contract, as varied by the first alleged oral understanding. In considering such a fact situation as he views it, he says: "The law in such cases pays little heed to the label, but should look beneath and examine the nature of the transaction between the parties, and look through the screen of paper title to ascertain what was the true situation." Citing Thompkins v. Harrisburg Auction House, 3 Cir., 63 F.2d 485; Hamilton v. Highlands, 144 N.C. 279, 56 S.E. 929, 12 Ann.Cas. 876; Bellish v. C. I. T. Corp., 142 Ohio St. 36, 50 N.E.2d 147; Decker v. Williams, 130 Pa.Super. 100, 196 A. 910; Western Machinery Co. v. Graetz, 42 Cal.App.2d 296, 108 P.2d 711.

As we have already pointed out defendant in his pleadings did not plead fraud, mistake, or that the written agreement was a subterfuge, camouflage, or a screen to cover up an oral understanding which in truth and fact constituted the real agreement. His proposition of law and cases cited have no application for the reason that the complaint alleges that at the time of entering into the first lease it was agreed that lessee might purchase in which event he would be given credit for his three monthly payments totalling $285. $285 subtracted from the alleged purchase price of $1,462 leaves $1,177. He then alleged that it was orally agreed at the time

he entered into the second lease that the provisions of the first oral understanding would continue, but in the face of this he admits that he signed the contract which called for a purchase price of $1,224.50 and that this was the agreed price. This was wholly inconsistent with the first alleged oral agreement. He also alleges that the original oral contract to allow $95 per month on the purchase price was to be incorporated in the second contract and that it was so represented to him. In another paragraph he alleges that he signed the contract containing the option clause allowing only 75% of the monthly payments to be credited on the purchase price. This is wholly inconsistent with the first oral understanding. On the face of his pleadings he attempted to rely upon some of the terms of the second written agreement. This he may not do, not having asked for re-formation of this second written agreement which he partially relies upon. The applicable rule is as follows: "Except for the purpose of having a contract reformed, a party to a written agreement may not assert its validity and at the same time deny that the writing embodies the actual contractual rights and obligations which the parties intended to make. The written agreement defines conclusively the contractual rights and obligations of the parties. * * * The principle precludes denial, limitation or extension of a contractual right embodied in a writing. It extends no further." Hutchinson v. Ross, 262 N.Y. 381, 187 N.E. 65, 72 Id. 262 N.Y. 643, 89 A.L.R. 1007; 188 N.E. 102.

At the trial defendant attempted by oral testimony to vary the terms of his specific written agreement. In view of his pleadings the court's ruling in refusing the proffered parol evidence attempting to vary the terms of the written lease was correct. Our holding in the case of S. H. Kress & Co. v. Evans, 21 Ariz. 442, 189 P. 625, 626, is a clear exposition of the rule applicable. In that case this court said: "The law is very firmly settled that when parties have put their engagements into writing in such terms as import a legal obligation without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of the undertaking was reduced to writing, and all oral testimony of a previous colloquium between the parties, or of conversations or declarations at the time it is completed, or afterwards, is rejected."

This rule has been repeatedly affirmed in many of our cases. See Merryman v. Sears, 50 Ariz. 412, 72 P.2d 943, and compilation of cases therein contained. The original lease was entitled "Rental Agreement"; parties are designated "Lessor" and "Lessee"; the agreement recites that the lessor "rents and leases"; the term was from month to month. The contract also specifically provided that the agreement was not to be construed as a sales contract

or conditional sales contract. The avowed intent as specified in the contract was that "The intent of this agreement is that the Lessor is hereby renting, and/or leasing said property only." In view of these simple and explicit statements in the agreement we are at a loss to understand appellant's position that the agreement should be construed as a conditional sales contract.

In the original rental agreement there was no mention made of any purchase price. The seller did not agree to sell and the buyer did not agree to buy. It was a simple rental contract and nothing more. The second rental contract was identical with the first except that it extended to the purchaser an option to buy and the sales price was fixed at $1,224.50, plus sales tax. If the purchaser exercised the option he was to receive 75% credit for all the monthly rentals paid subsequent to the making of the lease and prior to exercising the option. To exercise the option the purchaser had to give written notice, pay the balance of the purchase price in cash, and furnish the lessor a priority rating covering the equipment. A conditional sale by our statute is defined as follows: " 'Conditional sale' means any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price, or upon the performance of any condition or the happening of any contingency; or any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming the owner of such goods upon full compliance with the terms of the contract;" Sec. 52-620, A.C.A.1939.

In the rental contract there was no obligation on the part of the lessee to pay beyond the rental period for which he might choose to keep the machine. If he elected to return it at the end of one month it was his privilege to do so. His only obligation was to pay for that month's rent. The lessor could at no time insist that the lessee pay the entire price of the machine because there was no promise by the lessee to do so. Unless an obligation was created on the part of the so-called purchaser to pay, there could not be a conditional sales contract. The fact situation here is practically identical with that considered in the case of Automatic Voting Machine Corporation v. Maricopa County, 50 Ariz. 211, 70 P.2d 447, 116 A.L.R. 320. In that case Maricopa County entered into an agreement in writing with the Automatic Voting Machine Corporation for the rental of 45 voting machines. One of the provisions of the agreement was that the county might, at its option, have the right to purchase the voting machines at a stipulated price, and that all payments which had been

paid for rent under the contract should be applied on the purchase price. It appeared to be accepted by the court as a fact that it was the contemplation of the parties at the time the agreement was signed that the machines were to be used by the county until sufficient rentals had been paid to entitle the county to become the owner thereof under its option. The following year the county assessor assessed the voting machines as the property of the lessor. The company paid the tax under protest and sued to recover upon the theory that the agreement amounted to a conditional sales contract, because of the option, and for that reason the property belonged to the county for tax purposes. This court held that the rental agreement was not a conditional sales contract in that there was no absolute liability on the part of the lessee or buyer to pay the purchase price. There, as here, the only obligation was to pay the rental fees as long as the machines were retained.

We shall now consider the third assignment of error and the proposition offered in support thereof "That if the transaction was not a conditional sale but an option to buy, that Appellant has paid the purchase price for the property and is the owner thereof." The option agreement did not extend to the lessee the privilege of becoming the owner of the machine by paying rentals equal to the stipulated value of the machine. The lessee had an option to buy upon certain terms and conditions.

The general rule seems to be that an option must be exercised strictly according to the terms and conditions in the option. 66 C. J., Vendor & Purchaser, secs. 23 and 24, and cases cited.

There is no evidence that the appellant here ever gave written notice of the election to exercise the option, which is one of the requirements for its exercise. The testimony is exactly to the contrary, with no such written notice ever having been given. As a further condition precedent to the exercise of the option, appellant was required to furnish the Western Machinery Company with a priority to replace the machine. The evidence is positive and uncontradicted that this was never done. Finally, the option, by its own terms, is forfeited if the rental payments are not made as required. "* * * it being understood, however, that lessee forfeits all of his rights under this option, if any of the rental payments are not made as herein provided." Oberan quite frankly admitted that he did not keep up the rental payments. Consequently, according to its own terms, the option terminated. Again, it was provided in the option that the optionee must pay the entire balance in cash upon exercise of the option. This, too, was never done.

There being no error in the record, the judgment is affirmed.

STANFORD, C. J., and MORGAN, J., concurring.