430 P.2d 720

**C. J. RICHARDSON, Appellant,**

v.

**William W. CASEY, Appellee.**

**No. I CA–CIV 356.**

Court of Appeals of Arizona.

Aug. 3, 1967.

Rehearing Denied Sept. 1, 1967.

Gibbons, Kinney, Tipton & Warner, by Howard W. Gibbons, Phoenix, for appellant.

Westover, Keddie & Choules, by Tom C. Cole, Yuma, for appellee.

DONALD F. DAUGHTON, Judge of Superior Court.

This is an appeal from a judgment entered in the Superior Court in Yuma County in favor of the defendant (appellee herein) and against the plaintiff (appellant herein). Plaintiff's complaint seeks specific performance of an option agreement for the purchase of real property located in Yuma County, Arizona. Plaintiff alleged execution of a valid option to purchase real property, exercise of the option and failure of the defendant to comply with the terms of the option agreement. Defendant filed an answer alleging that the option agreement was executed as the result of undue influence exercised by plaintiff upon defendant and further alleging that plaintiff had failed to comply with the terms of the option. Defendant also filed a counterclaim seeking to quiet title in his name and further praying that the option agreement be set aside and cancelled. The case was tried to the court,

sitting with an advisory jury. At the conclusion of the evidence the court ruled as a matter of law that the plaintiff had failed to comply with the terms of the option. The court submitted three interrogatories to the jury, one of which was on the question of undue influence. The jury answered this interrogatory to the effect that the defendant executed the option agreement as the result of undue influence. Judgment was entered in favor of the defendant and against the plaintiff on both the complaint and the counterclaim. Defendant was ordered to return to plaintiff all funds advanced by plaintiff on the option.

No motion for new trial was filed by either party. Plaintiff appeals from the judgment of the trial court.

The three questions raised by counsel's briefs on this appeal are: (1) Is the filing of a motion for new trial and the denial thereof required to vest this court with jurisdiction to determine this appeal? (2) Did the trial court err in finding as a matter of law that the plaintiff failed to exercise the option agreement in question? (3) Did the trial court err in finding that the option agreement was executed by defendant as a result of the undue influence of the plaintiff?

On the first question, defendant cites A.R.S. § 12–2102(C) in support of his contention that this court is without jurisdiction to decide this case by virtue of plaintiff's failure to file a motion for new trial. A.R.S. § 12–2102(C) reads as follows:

"On an appeal from a final judgment the supreme court shall not consider the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury unless a motion for a new trial was made."

In the usual jury trial where judgment is entered on the jury verdict this section is applicable, however, in an equity action in which the trial court sits with an advisory jury, a motion for a new trial is not a condition precedent to the vesting of jurisdiction in this court to

determine the appeal on the merits. McClinton v. Rice, 76 Ariz. 358, 265 P.2d 425 (1953). Therefore, the first question raised in this appeal is answered in the negative.

The second question raised in this appeal concerns the exercise of the option agreement which was executed in Detroit, Michigan, on the 24th day of March, 1964. The option agreement provided in applicable part for a purchase price of $3000.00 payable $50.00 upon execution, $1700.00 to be placed in escrow by plaintiff upon the exercise of the option and the balance of $1250.00 to be paid at the rate of $75.00 or more per month with interest at the rate of 6% per annum on the deferred balance. The option agreement provided for the exercise of the option at any time within sixty to ninety days from March 24, 1964.

At the time of the execution of the option agreement both parties knew that the real property in question had previously been sold for taxes and that the treasurer of Yuma County had advertised in the News Enterprise, a Yuma newspaper, that one Jean Bratley had applied for a treasurer's deed to the property. The parties also knew that if the property was not redeemed by March 31, 1964, the treasurer's deed would be issued.

It was understood by the parties that plaintiff was to redeem the property and the option agreement provided in this regard as follows:

"* * * such sums advanced by the party of the 2nd part (plaintiff) to the Yuma County Treasurer in payment of delinquent taxes under CP #49261 shall be credited in favor of the 2nd party on the remaining principal balance herein."

On March 27, 1964, plaintiff went to the office of the County Treasurer of Yuma County and redeemed the property for the defendant by the payment of $270.86.

On May 14, 1964, plaintiff went to the Yuma office of the Arizona Title Insurance and Trust Company to open an escrow to exercise the option agreement. To exercise the option the plaintiff deposited in escrow the sum of $1412.40, which figure represented the $1700, referred to in the option agreement less the $270.86 paid by him to redeem the property less $16.74 paid by him on taxes due but not delinquent. Pursuant to plaintiff's directions, escrow instructions were prepared by an employee of Arizona Title and mailed to defendant for signature. The defendant did not respond and this action was filed.

The trial court did not err in finding as a matter of law that the plaintiff failed to exercise the option agreement. We agree with the trial judge that the terms of the option agreement clearly required that to exercise the option plaintiff must place in escrow the sum of $1700.00.

■ The applicable rule is set forth in Oberan v. Western Machinery Co., 65 Ariz. 103, at page 109, 174 P.2d 745, at page 749 (1946), in which the Arizona Supreme Court said:

"The general rule seems to be that an option must be exercised strictly according to the terms and conditions of the option."

See also the case of Hayward Lumber & Investment Co. v. Construction Prod. Corp., 117 Cal.App.2d 221, 255 P.2d 473, at page 478 (1953) in which the court says:

"* * * An option is an offer by which a promisor binds himself in advance to make a contract if the optionee accepts upon the terms and within the time designated in the option. Since the optionor is bound while the optionee is free to accept or not as he chooses, courts are strict in holding an optionee to exact compliance with the terms of the option. * * *"

■ The plaintiff never deposited into escrow nor tendered to the defendant any additional funds to bring the deposit to $1700.00. He stood on his escrow deposit of $1412.40. This did not comply with the terms of the agreement of the parties.

We come now to the third question raised on this appeal. As stated previously in this opinion, the trial court at the conclusion of the evidence submitted three interrogatories to the jury, one of which was on the question of undue influence. Once the trial court ruled as a matter of law that the option had not been exercised by the plaintiff, the question of undue influence allegedly exercised by plaintiff over defendant need not be decided. The result remains the same regardless of the jury's answer to the interrogatory. Therefore, we need not pass on the third question raised on this appeal.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.

NOTE: Chief Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Judge DONALD F. DAUGHTON was called to sit in his stead and participate in the determination of this decision.