523 P.2d 1342

**A. R. MACK and Madeline Mack, his wife, Appellants,**

**v.**

**Fremon C. COKER, Jr., and Patricia Coker, his wife;  Robert G. Coker and Primrose M. Coker, his wife;  and Elmer L. Coker and Myrtle Coker, his wife, Appellees.**

**No. I CA–CIV 2549.**

Court of Appeals of Arizona, Division 1.

July 9, 1974.

Rehearing Denied Aug. 12, 1974.

Review Denied Oct. 1, 1974.

Richardson & Mortensen by Wilford R. Richardson, Safford, for appellants.

James H. Green, Jr., Phoenix, for appellees.

## OPINION

KRUCKER, Judge.

This appeal challenges the propriety of granting summary judgment in favor of the appellees for specific performance of three option argeements and denying relief to appellants on their counterclaim for slander of title. Since we are of the opinion that enforcement of the option agreements was proper, we need not address ourselves to the ruling re appellants' counterclaim, which was predicated on the alleged non-validity of the option agreements.

The undisputed material facts are as follows. On November 2, 1971, three individual option agreements were executed by appellants, one with Fremon C. Coker, Jr. and his wife, one with Robert G. Coker and his wife, and one with Elmer L. Coker and his wife. Since the terms of all three agreements are exactly the same, as are the legal principles pertaining thereto, we shall hereinafter refer to them in the singular.

The option agreement was a form prepared by the Farmer's Home Administration of the United States Department of Agriculture. It provided that it was irrevocable for a six-month period commencing November 2, 1971. Appellants agreed therein to convey to the named optionees a specifically described parcel of land for the sum of $66,666.67. The agreement recited that it was given in consideration of the sum of $1.00 in hand paid and other valuable consideration, the receipt and sufficiency of which were acknowledged. One provision was:

. * * * * * *

"2. This option is given to enable the Buyer to obtain a loan insured or made by the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (hereinafter called the 'Government'), for the purchase of said property. It is agreed that the Buyer's efforts to obtain a loan constitute a part of the consideration for this option and any down payment will be refunded if a loan cannot be processed by FHA or cannot be obtained from another source."

The agreement further provided for the optionee's exercise of the option by mailing, telegraphing or delivering in person a written notice of acceptance of the offer contained therein at any time while the offer remained in force to A. R. Mack at 312 East 20th Street, Safford, Arizona.

On March 30, 1972, appellants' attorney sent a letter to appellees on behalf of the appellants repudiating the option agreement. On April 17, 1972, appellees mailed to appellants written notices of their intention to exercise their respective options, which were on forms provided for this purpose by the Farmers Home Administration. On May 17, 1972 and May 24, 1972 letters were sent to appellants' attorney by an officer of the title company escrow de-

partment. The first letter advised him that the escrow department was holding three checks, drawn on the Treasurer of the United States, for the use of the three buyers involved in the purchase of the Mack property, the total being in the amount of $199,500.00. The balance of the funds necessary to complete the transaction, i. e., $500, was to be deposited with the escrow agent by the three buyers. He requested notification "when your client is in a position to close".

The second letter, addressed to Mr. Mack, indicated the three escrows had been set up and enclosed signed escrow instructions covering each of the escrows, together with warranty deeds and affidavits. He requested execution of all documents with appropriate acknowledgment and their return to him. Also enclosed was a copy of a preliminary title report and Mr. Mack was requested to have his attorney furnish the escrow agent with the necessary documents pursuant to the requirements set forth therein. All necessary signatures from the buyers had been obtained, according to the letter, together with all funds needed to effect closing of the escrow; also, that upon receipt of the signed documents from Mr. Mack recording and disbursement of funds would be effected. Appellants refused to consummate the transaction and this litigation ensued.

Appellants assail the validity of the option agreement on the grounds that (1) appellees were supposed to pay them $20,000 of the purchase price on or before January 1, 1972; (2) it was executed solely for the purpose of "determining whether Cokers could borrow the full amount of the purchase price" and (3) there was lack of consideration. We find absolutely no merit in appellants' position.

■ The option agreement does not provide for a $20,000 payment and reflects no ambiguity. In the absence of fraud or mistake, parol evidence is inadmissible to change, alter or vary the express terms in a written contract. Hofmann Co. v. Meisner, 17 Ariz.App. 263, 497 P.2d 83 (1972).

Appellants' belated attempt to prove that payment of $20,000 of the purchase price, on or before January 1, 1972, was required would do violence to the parol evidence rule in the face of an unambiguous writing. It is true that the parol evidence rule is no bar to proving that a writing was never executed or delivered as a contract. United States Fidelity & Guaranty Co. v. Olds Brothers Lumber Co., 102 Ariz. 366, 430 P.2d 128 (1967). Appellants, however, postulate the argument that they did not intend the options to be effective as such is raised for the first time on appeal and therefore comes too late.

■■ As to appellants' "lack of consideration" contention, they make much of the fact that the $1.00 recited as part of the consideration in the agreement was not paid. Suffice it to say that monetary consideration is not required—good consideration consists of a benefit to the promisor or detriment to the promisee. Grant v. White, 103 Ariz. 257, 439 P.2d 828 (1968); McGrath v. Bill Johnston Golf Properties, Inc., 13 Ariz.App. 49, 474 P.2d 56 (1970). The option agreement specifically provided that "the Buyer's efforts to obtain a loan constitute a part of the consideration for this option". Such undertaking on the part of the buyer constituted a good consideration for the option agreement.

■ Appellants contend that, notwithstanding the written agreement does not require the payment of $20,000 by the optionees on or about January 1, 1972, the payment of such sum was a condition precedent to the exercise of the option. We look to the language of the option contract to determine what act or acts constitute an election to exercise the option. Northcutt v. McPherson, 81 N.M. 743, 473 P.2d 357 (1970). The written agreement discloses no requirement of payment and an option must be exercised strictly according to its terms and conditions. Richardson v. Casey, 6 Ariz.App. 141, 430 P.2d 720 (1967). Payment or tender is not necessary to acceptance of the option unless the option agreement makes it a condition precedent to or part of the acceptance or

exercise of the option. Miller v. Carmody, 152 Colo. 353, 384 P.2d 77 (1963).

We find no merit in appellants' argument that appellees were not entitled to specific performance of the option agreement because the sums due thereunder were not tendered until 17 days after expiration of the six-month option period. The record clearly reflects that appellees complied with the terms of the option agreement as to notice of intention to exercise the option and that they did so within the prescribed time. Where, as here, the option contract specified notice of intention to exercise the option as the mode of acceptance, the optionee's giving of unequivocal notice of such intention created a bilateral contract of sale of the real property. Maloff v. B–Neva, Inc., 85 Nev. 471, 456 P.2d 438 (1969); Valley Garage, Inc. v. Nyseth, 4 Wash.App. 316, 481 P.2d 17 (1971). Appellants' attempted revocation prior to expiration of the six-month period had no legal efficacy since an option, founded upon valid consideration, cannot be withdrawn or revoked until the time fixed for expiration. Caras v. Parker, 149 Cal.App.2d 621, 309 P.2d 104 (1957); Hopkins v. Barlin, 31 Wash.2d 260, 196 P.2d 347 (1948).

The option agreement did not specify the time for performance by the parties of their respective obligations, and therefore the contract that arose from appellees' notice of acceptance was required to be performed within a reasonable time after such notice. Shull v. Sexton, 154 Colo. 311, 390 P.2d 313 (1964); Spake v. Elder, 1 Wash.App. 116, 459 P.2d 820 (1969).

In support of their motion for summary judgment, appellees submitted an affidavit of Fremon C. Coker, which was uncontroverted. It stated that on or about April 17, 1972, written acceptances of the options were mailed to Mr. Mack and, at the time of mailing said acceptances, appellees were ready, willing and able to comply in full with the obligations required of them under the option. Since appellants failed to file either affidavits or some other evidence controverting the facts set forth in the Coker affidavit, they were deemed admitted. Compton v. National Metals Co., 10 Ariz.App. 366, 459 P.2d 93 (1969); Siner v. Stewart, 9 Ariz.App. 101, 449 P.2d 635 (1969). Thus, there was no factual issue as to the timeliness of appellees' tender. The option agreement also provided:

\* \* \* \* \* \*

"6. The Seller further agrees to convey their property to the Buyer by general warranty deed (except where the law provides otherwise for conveyances by trustees, offices of courts, etc.) in the form, manner and at the time required by the Government, conveying to the buyer a valid, unencumbered, indefeasible fee-simple title to said property meeting all requirements of government; that the purchase price shall be paid at the time of recording such deed; and that said lands, including improvements, shall be delivered in the same condition as they now are, customary use and wear accepted."

Appellees exercised their option right and appellants were therefore obligated to convey the property to them at the option price. Thompson v. Thompson, 1 Wash.App. 196, 460 P.2d 679 (1969). Appellants were not entitled to receive the purchase price until they executed a deed and it was recorded.

The granting of specific performance is a matter addressed to the sound discretion of the trial court. McFadden v. Wilder, 6 Ariz.App. 60, 429 P.2d 694 (1967). Appellants have failed to demonstrate an abuse of such discretion. There being no material factual issues and appellees being entitled to judgment as a matter of law, the granting of their motion for summary judgment was correct.

Judgment affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).