613 P.2d 844

**Frank ROGERS and Frances Rogers, husband and wife, Appellants,**

v.

**Floyd JONES and Ruth Jones, husband and wife, Appellees.**

**No. 1 CA–CIV 4160.**

Court of Appeals of Arizona,
Division 1, Department A.

May 20, 1980.
Rehearing Denied June 25, 1980.
Review Denied July 8, 1980.

Thaddeus G. Baker, Yuma, for appellants.

Jennings, Strouss & Salmon by Lee E. Esch, Phoenix, for appellees.

## OPINION

WREN, Judge.

This is an appeal from an order vacating summary judgment and granting a new trial on a suit for specific performance of a real estate option. We reverse.

The facts which are essential to our resolution of this case are in substantial accord. Appellants, Dr. Frank A. Rogers and Frances Rogers, husband and wife, who resided in California, owned as community property 165.2 acres of farm land near Wellton, Arizona.

On January 12, 1973, appellants and appellee, Floyd Jones, who had custom farmed the property for several years, entered into a written lease of the farm for a term expiring December 31, 1975. This lease contained the following option for purchase:

> The Lessors, for and in consideration of the covenants and agreements herein contained to be paid, done and performed by the Lessees and for and in consideration of the additional sum of Ten and No/100 ($10.00) Dollars and other good and valuable consideration, hereby grants to the Lessees an option to purchase the leased premises on or before termination of this lease, for the sum of NINE HUNDRED FIFTY and NO/100 DOLLARS ($950.00), per irrigable acre based on 165.2 acres.

On or about October 1, 1975, Jones submitted an offer to purchase the property with a down payment of $16,900 and the balance payable at $16,000 per year with interest at eight percent. Dr. Rogers rejected the offer by a letter dated October 14, 1975. Thereafter, on November 6 and 7, 1975, the parties executed a new lease for the crop year of 1976, which contained no purchase option. On December 31, 1975, the last day of the first lease, Jones and his attorney called Dr. Rogers and advised him that Jones was exercising the option and would make payments over a three year period. Dr. Rogers rejected the payment proposal but stated that he would sell if full payment following a down payment was made within two years. At the attorney's request, Dr. Rogers forwarded to the attorney a confirming telegram.

Escrow instructions in accord with their purchase agreement were prepared, the down payment was deposited with the escrow agent, and the instructions and conveying documents were forwarded to Dr. and Mrs. Rogers. However, Mrs. Rogers refused to sign the proffered escrow documents and on January 14, 1976, Jones was so advised in a letter by Dr. Rogers. On May 19, 1976, Jones filed an action for specific performance, the underlying lawsuit to this appeal.

On February 8, 1977, the trial court entered summary judgment in favor of Dr. and Mrs. Rogers, having construed the option as requiring payment in cash upon exercise of the option or within a reasonable time thereafter; and that the subsequent agreement, between Jones and Dr. Rogers as to deferred payments, constituted an invalid amendment of the option in violation of A.R.S. § 33–452: "a conveyance or incumbrance of community property is not valid unless executed and acknowledged by both husband and wife . . . ." It is undisputed that the property in question was community property of the appellants, and that Mrs. Rogers, after signing the original lease and option, had not entered into the subsequent negotiations with Jones in any way.

On February 23, 1977, Jones filed a motion for new trial based upon newly discovered evidence, claiming discrepancies in the

testimony of Dr. Rogers at a hearing on a separate action of forcible detainer. Thereafter, the trial court granted the motion for a new trial and vacated the summary judgment order of February 8, 1977. This appeal followed.

Appellants assert two issues for our review:

1. That the terms of the option agreement required a tender of the entire sum in cash prior to termination of the lease or at least within a reasonable time thereafter, and,

2. That summary judgment in their favor was proper since there was no newly discovered evidence raising a factual issue to justify setting aside the judgment and ordering a new trial.

Appellees counter by asserting that the option was properly exercised on December 31, 1975, and that the husband thereafter had authority, as agent of the community, to bind appellee, Frances Rogers to the deferred payment agreement. Appellees further assert that there was a genuine issue of material fact as to whether Jones had properly exercised the option and that, therefore, summary judgment in any event was improper.

Appellees additionally advance the argument that, since this appeal is from an order granting a motion for a new trial, the trial judge should not be reversed in the absence of a clear abuse of discretion. *King v. O'Rielly Motor Co.*, 16 Ariz.App. 518, 494 P.2d 718 (1972); *Caldwell v. Tremper*, 90 Ariz. 241, 367 P.2d 266 (1962). They assert that the sole inquiry should be whether the trial judge abused his discretion in ordering a new trial. We need not, however, reach this issue as to the scope of our review, as we have determined that there was no valid exercise of the option for purchase and that the appellants are entitled to judgment as a matter of law.

■ Our research leads us to the conclusion that the law is crystal clear that an option agreement must be strictly construed, in that it must be exercised in exact accord with its terms and conditions. *Oberan v. Western Machinery Co.*, 65 Ariz. 103,

174 P.2d 745 (1946). In *Hayward Lumber & Investment Co. v. Construction Products Corp.*, 117 Cal.App.2d 221, 255 P.2d 473 (1953), it was stated that:

Since the optionor is bound while the optionee is free to accept or not as he chooses, courts are strict in holding an optionee to exact compliance with the terms of the option.

If an option expresses a manner in which payment is to be made, the optionee must comply therewith in order to cause a contract of purchase to come into existence, 17 C.J.S. Contracts § 42, p. 680.

■ An examination of the option clause here discloses that there are no provisions for terms, mortgages or interest. The language simply grants *an option to purchase the leased premises on or before termination of this lease for the sum of [$950.00] per irrigable acre*. In our opinion, such language cannot be construed as being "silent" on the time or manner of payment permitting a deferred payment agreement. No payment in cash was ever tendered, before or after the termination of the lease, and neither was there a repudiation or modification of the cash requirement by Mrs. Rogers.

We therefore find that full payment in cash on or before the termination date was an integral part of the option. To hold otherwise would be to rewrite the contract. Under the posture of these facts a suit for specific performance cannot lie. The appellants are therefore entitled to judgment as a matter of law and the court erred in vacating it and directing a new trial. Since the claim of newly discovered evidence could have no bearing on this determination, we do not respond to it.

Judgment reversed with directions to the trial court to enter judgment in favor of the appellants.

DONOFRIO, J., concurs.

FROEB, Presiding Judge, dissenting.

In granting the "motion for new trial," the trial judge found there was a genuine

issue of material fact and set aside the summary judgment. In my opinion, the trial court was correct. I would affirm the order and allow the basic factual question to be tried.

In its broadest terms, the key question is: What occurred on December 31, 1975? Put another way, did Jones exercise the option as written or did he, instead of exercising it as written, obtain a modification of the option and thereafter exercise it? This factual question is the issue which requires trial. Taking the present record most favorably to Jones, there is evidence which would indicate *he first exercised the option according to its terms* and *thereafter* attempted to arrange a modification of the terms of purchase. Although the modification failed because Frances Rogers did not agree Jones was entitled to enforce the purchase according to its original terms with which Frances Rogers did agree. Which is to say, if Jones was going to purchase the land, he had to pay cash instead of paying by installments over a two-year period.

Assuming, then, that Jones attempted to exercise the option on December 31, 1975 according to its terms, there are two questions of law on which Jones must prevail in order to succeed in his action for specific performance. The first is whether the option required him to tender the full purchase price in cash on December 31, 1975. If it did, as the majority holds, Jones loses because he did not tender cash on that date. However, the option agreement (quoted by the majority) is silent on whether payment must be tendered at the time the option is exercised. In the absence of an agreement to this effect, the general rule is that payment need not be tendered when the option is exercised but must be tendered within a "reasonable time" thereafter. *Mack v. Coker*, 22 Ariz.App. 105, 523 P.2d 1342 (1974). *See also*, anno., "Necessity for Payment or Tender of Purchase Money Within Option Period In Order to Exercise Option, in Absence of Specific Time Requirement for Payment," 71 A.L.R.3d 1201. In view of this rule, Jones was not required to tender cash when he exercised the option and entered into a binding contract to purchase the land on December 31, 1975.

The second question of law facing Jones is whether he has failed to tender the full cash purchase price within a "reasonable time." Although the facts presented in this record indicate a substantial amount of cash was tendered within a reasonable time after December 31, 1975, the amount was not equal to the full purchase price. The reason for this is that Jones believed he was tendering cash to the "modified" agreement calling for payment over a period of two years.

Assuming that Jones cannot succeed upon the "modified" agreement, the question is whether the facts presented have thus far excused Jones from a tender of the full purchase price set forth in the original option.

Under the law of contracts, where one party to a bilateral agreement indicates in advance of the date of his performance that he will not perform, the other party is not required to tender his performance in order to enforce the contract in court. *See, generally*, 71 Am.Jur.2d, *Specific Performance*, § 66.

Viewing the facts favorably to Jones, that is what happened here. On January 15, 1976, approximately two weeks after Jones exercised the option, Rogers wrote a letter to Jones, in part saying: "I do not wish to sell the property, knowing how valuable it is." If this was an anticipatory repudiation of the agreement to purchase, which a trial may prove it to have been, then Jones was relieved of any duty to tender the full purchase price in cash prior to bringing his suit for specific performance.

In my opinion, Jones is entitled to a trial on this theory of the case.

There are other matters involved on appeal which essentially have no effect upon the foregoing analysis. Jones argues alternatively that if the only option he attempted to exercise was the "modified" option offered by Rogers without his wife's consent, it too is enforceable. Unlike the origi-

**184**

nal option in the lease, Rogers' wife did not agree to a modification permitting payment over a two-year period. Resolution of this question requires a determination of whether in Arizona a husband is authorized on behalf of the community to alter terms relating to payment in a contract for sale of land without the written consent of the wife. Since the majority does not reach this issue, neither do I.

In conclusion, I would affirm the order of the trial court and remand the case for trial.