OPINION
{¶ 1} On August 22, 1998, appellees, Stavros Ganios and Helen Poa, leased a duplex to appellants, Marshall and Brenda Ferrick. Said lease was a twelve month lease and would automatically renew for like periods unless appellants gave appellees written notice of their intention to terminate the lease at least thirty days prior to the expiration of the term. A second lease increasing the monthly rent was signed on August 23, 2001.
 {¶ 2} On December 23, 2004, appellants notified appellees of their intent to vacate the premises on February 1, 2005.
 {¶ 3} On March 7, 2005, appellees filed a complaint against appellants claiming breach of contract as appellants did not give a thirty day notice prior to the start of a new one year period. Appellants filed a counterclaim for the wrongful withholding of their security deposit. A bench trial commenced on July 21, 2005. By judgment entry filed August 25, 2005, the trial court found in favor of appellees in the amount of $4,020.00 for unpaid rent, plus interest and costs. The trial court dismissed appellants' counterclaim.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE PLAINTIFFS/APPELLEES WERE ENTITLED TO JUDGMENT FOR UNPAID RENTS FOR THE REMAINDER OF A ONE YEAR PERIOD WHEN THE WRITTEN LEASE BETWEEN THE PARTIES BECAME MONTH TO MONTH IN SEPTEMBER 2003."
 II {¶ 6} "THE TRIAL COURT'S DECISION THAT THE DEFENDANTS/APPELLANTS WERE NOT ENTITLED TO DAMAGES IN THE AMOUNT OF TWICE THE AMOUNT OF THE SECURITY DEPOSIT WRONGFULLY WITHHELD AND REASONABLE ATTORNEY'S FEES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 7} Appellants claim the trial court erred in finding in favor of appellees. Specifically, appellants claim the lease became a month-to-month lease in September of 2003. We agree.
 {¶ 8} In finding in favor of appellees, the trial court found the following:
 {¶ 9} "Applying this law to the facts of this case, when the period of the written lease expired on August 31, 2002, the Ferricks, by holding over, became `tenants at sufferance.' The plaintiffs at that point had the option to treat them as trespassers, an option that they obviously declined, or to hold them to a new lease term.
 {¶ 10} "* * *
 {¶ 11} "While Ohio law apparently permits holdover tenants to rebut the presumption that they have exercised an option to renew, the tenants are required to show that they notified the landlord that they did not wish to exercise the option, or that another agreement existed between the parties. * * * The Ferricks have not met their burden of proof on this issue in this case. There is no evidence that there was any discussion about a month-to-month tenancy, much less any such agreement, until the Ferricks were in the process of vacating the premises. Up until that time, the evidence shows that both parties believed that the term of the lease did not expire until the end of August 2005."
 {¶ 12} Paragraph 5 of the lease states the following:
 {¶ 13} "The within premises are hereby rented for a period of twelve (12) months, commencing September 1998, and thisagreement shall automatically renew itself thereafter, runningcontinuously for like periods, unless tenant shall give to the landlord not less than thirty (30) days' written notice, prior to the expiration of the term then running, of tenant's intention to terminate said tenancy at the expiration of the then existing term, or unless the landlord shall legally notify tenant to vacate the within premises, or unless the landlord notify thetenant, by registered mail, of any change in the monthly rentalor other terms of the within agreement." (Emphasis added.)
 {¶ 14} The parties entered into a second lease on August 23, 2001. This lease increased the rent and contained the identical language cited above. The lease also stated at paragraph 15, "As stated above on #5, lease will automatically renew for one (1) year unless tenants notify in writing the landlord, within thirty days prior to August 1, 2002."
 {¶ 15} By letter dated July 31, 2003, appellees notified appellants that the rent would increase effective September 1, 2003. The parties did not enter into a new written lease agreement.
 {¶ 16} Appellants testified they believed they were under a month-to-month lease because of the 2003 rent increase. T. at 9, 53. When the rent was increased in 2001, a new lease was signed however, a new lease was not executed with the 2003 rent increase. T. at 23. Appellants argue the automatic renewal provision was negated by the 2003 rent increase, thereby converting the lease to a month-to-month lease as indicated in ¶ 5, bold face, cited supra.
 {¶ 17} It is appellees' position the provisions of the 2001 lease prevail and the notice requirements therein were not met by appellants therefore, the lease in 2004 automatically renewed through August 31, 2005. Appellants sent two notices of termination, one in October and one in December, 2004.
 {¶ 18} The law as quoted by the trial court is not on all fours with the facts presented in this case. In the case ofCraig Wrecking v. Lewendick Sons, Inc. (1987),38 Ohio App.3d 79, 81, cited by the trial court, the lease being discussed is a commercial lease and the rent was not increased during the term without another lease being signed.
 {¶ 19} In order to determine whether appellees breached the lease agreement, it is necessary to construe the terms of the agreement. As stated by the Supreme Court of Ohio in Bellish v.C.I.T. Corp. (1943), 142 Ohio St. 36, ambiguous language in a contract shall be construed most strongly against the one who prepared it. When interpreting language in a contract, the words should be read in context and given their usual and ordinary meaning. Carroll Weir Funeral Home v. Miller (1965),2 Ohio St.2d 189.
 {¶ 20} The clear and unambiguous language of the lease which was drafted by appellees provides when the rent increases, the term does not automatically renew. We find the 2003 rent increase created a month-to-month tenancy and as a result, appellants are not liable for rent through August 2005.
 {¶ 21} Assignment of Error I is granted.
 II {¶ 22} Appellants claim the trial court erred in dismissing their counterclaim. Specifically, appellants claim the trial court's decision in refusing to award them their security deposit and attorney fees was against the manifest weight of the evidence. We agree.
 {¶ 23} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 24} R.C. 5321.16 governs security deposits. Subsection (B) states the following:
 {¶ 25} "Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section."
 {¶ 26} R.C. 5321.16(C) provides for double damages of "the amount wrongfully withheld" and for attorney fees.
 {¶ 27} Consistent with our opinion in Assignment of Error I, we find no breach of the lease agreement and appellants gave adequate notice of termination of their month-to-month tenancy. By giving notice in October and December 2004 of their intention to vacate the premises by February 1, 2005, appellants were not liable for the February 2005 rent. Therefore the security deposit should have been returned. Given the nature of the facts herein, we are not convinced the provisions of R.C. 5321.16 are applicable as to damages. This issue is remanded to the trial court for determination of the award of damages and/or the return of the security deposit.
 {¶ 28} Assignment of Error II is granted.
 {¶ 29} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby reversed and remanded for further consideration on the issue of damages.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with the opinion.